IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ricardo Fishbourne, a/k/a Ricardo Fishburne,<br><br>    Plaintiff,<br><br>    v.<br><br>Alex Murdaugh; 14th Circuit Solicitors Office; Isaac McDuffie Stone, III; State of S.C.; David Matthews; Donald W. Beatty; John W. Kittredge; Kaye G. Hearn; John Few Cannon; George C. James; S.C. Supreme Court,<br><br>    Defendants. | Case No. 3:24-cv-4472-JFA<br><br>**ORDER** |

This matter is before the court on Defendants' Motions to Dismiss. (ECF Nos. 5, 8, 32). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. Upon reviewing the motions and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), suggesting that this court grant Defendants' Motions to Dismiss (ECF Nos. 5, 8, 32), and dismiss the case with prejudice. (ECF No. 44 at 36). For the reasons set forth below, the court adopts the Report, overrules Plaintiff's objections, and dismisses this matter with prejudice.

**I.       RELEVANT BACKGROUND**

Plaintiff Ricardo Fishbourne is an inmate in the custody of the South Carolina Department of Corrections. He brings this action *pro se* alleging deprivation of his civil rights in violation of 42 U.S.C. § 1983, and gross negligence under the South Carolina Torts Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-10, *et seq.* (ECF No. 1-1). Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (ECF No. 1-1 at 16). Plaintiff brings claims against

1

Alex Murdaugh, the 14th Circuit Solicitor's Office, and Isaac McDuffie Stone, III, (the "Solicitor Defendants"); Chief Justice Donald W. Beatty, Justice John W. Kittredge, Justice Kaye G. Hearn, Justice John Cannon Few, Justice George C. James, and the South Carolina Supreme Court (the "Judicial Defendants"); the State of South Carolina (the "State"); and David Matthews ("Matthews"). Although not named in the caption, Plaintiff also wages claims against Governor Henry McMaster and Lieutenant Governor Pamela Evette (the "Governor Defendants")[1]. All defendants have filed motions to dismiss. (ECF No. 5 (Solicitor Defendants and Defendant Matthews); ECF No. 8 (Judicial Defendants and the State); ECF No. 32 (Governor Defendants)).

The crux of Plaintiff's argument is that Defendants are preventing him from pursuing appeals and collateral attacks on his conviction and sentence, thereby violating his civil rights. As brief background, Plaintiff was convicted of two counts of assault and battery with intent to kill and one count of burglary first degree in Colleton County, South Carolina in 2001. Since his convictions, Plaintiff filed numerous post-conviction relief ("PCR") requests, two habeas petitions in federal court, a habeas petition in state court, and suits against the 14th Circuit Solicitor's Office and the Colleton County Sheriff's Office. At each instance, Plaintiff's claims were summarily dismissed. On June 15, 2021, the Supreme Court issued an order dismissing Plaintiff's appeal of the denial of his fifth PCR application. In the order, the Supreme Court specifically enjoined Plaintiff from filing any further collateral actions without first obtaining permission from the Court. (ECF No. 1-1 at 60). Plaintiff challenges the Court's authority to issue such an injunction.

The Magistrate Judge issued its Report on October 18, 2024, recommending dismissal of Plaintiff's claims. (ECF No. 44). Plaintiff filed objections to the Report on November 1, 2024,

---

[1] The parties dispute whether the Governor Defendants have been properly named as defendants and served. Because the court dismisses these defendants on other grounds, the court makes no finding on this issue.

2

(ECF No. 48), and supplemental documents four days later, (ECF No. 50). Plaintiff also submitted a document to "clarify" his objections to the Report (ECF No. 55) and a "motion for abuse of discretion and request for perjury to be enforced" in which he further challenges the Report's findings[2] (ECF No. 57).[3] The Solicitor Defendants filed a Response to Plaintiff's objections. (ECF No. 53). No other defendants submitted responses to Plaintiff's objections and none of the defendants filed objections to the Report. This matter is now ripe for the court's review.

## II.     STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the magistrate judge's report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court may accept, reject, or modify the report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

An objection must be specific and must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "An objection is specific if it 'enables the district judge to focus attention on those

---

[2] This filing was submitted over two months after the deadline to object to the Report. The portion of the document challenging the Report, however, repeats arguments and objections asserted in other filings addressed herein. The remaining argument regarding perjury is dismissed as moot as discussed below.

[3] Since the Report was issued, Plaintiff has also filed a Motion for Default Judgment (ECF No. 51), a "Request for Entry of Default" (ECF No. 56), and a Motion for Order to Show Cause (ECF No. 60). The court has reviewed these filings and determined they are not relevant to this Order.

3

issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the magistrate judge's report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (citing *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion to dismiss is well-settled and correctly stated within the Report. Because Plaintiff is representing himself, each of these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

As an initial matter, there appear to be several conclusions within the Report to which Plaintiff has not objected. For their part, Defendants lodge no objections to the Report and only the Solicitor Defendants responded to Plaintiff's objections. Accordingly, the court will conduct a *de novo* review of only the specific portions of the Report to which Plaintiff has objected. The remainder of the Report will be reviewed for clear error. After a review of the entire record and the Report, the court finds that the Magistrate Judge fairly and accurately summarized the facts

and applied the correct principles of law. Accordingly, the Magistrate Judge's Report is adopted as set forth below and incorporated into this Order.

**A.     Individual Judicial Defendants**

Plaintiff's objections primarily challenge the Magistrate Judge's findings and recommendations regarding the Judicial Defendants. Initially, Plaintiff objects to the Magistrate Judge's finding that the individual Judicial Defendants are entitled to judicial immunity. This objection is without merit. The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well-established and widely-recognized. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors").

Plaintiff's claims against Judicial Defendants clearly arise from judicial actions. Plaintiff attempts to strip the Judicial Defendants of judicial immunity, however, by asserting that they acted in the absence of all jurisdiction. (ECF No. 48 at 3). Not so. The Supreme Court issued the June 15, 2021 order in accordance with Rule 269, SCACR, which was enacted pursuant to the Court's authority under Article V, § 4 of the South Carolina Constitution. S.C. Const. art. V, § 4 ("The Supreme Court shall make rules governing the administration of all the courts of the State."); Rule 269, SCACR ("Where an appeal, petition, motion or return is frivolous or taken solely for the purpose of delay," the Court may impose "sanctions as the circumstances of the case and discouragement of like conduct in the future may require."). Therefore, Plaintiff's argument that

the Judicial Defendants acted without jurisdiction fails, and the Judicial Defendants are entitled to judicial immunity.

**B.     State Entity Defendants**

Plaintiff also objects to the finding that the State and the Supreme Court are protected from suit by the Eleventh Amendment, which prohibits federal courts from entertaining an action against a state or state entities, unless the state has consented to the suit. *See, e.g.*, *Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020). Plaintiff states that he "claimed the *Ex parte Young* doctrine to enjoin the S.C. Supreme Court and its judges from violation and depriving Plaintiff's right to petition for redress." (ECF No. 48 at 9).

Under *Ex parte Young*, 209 U.S. 123 (1908), "suits that would otherwise be barred by a State's sovereign immunity may proceed when a plaintiff seeks forward-looking relief to halt an ongoing violation of federal law." *King v. Youngkin*, 122 F.4th 539, 542 (4th Cir. 2024). This exception, often referred to as "a fiction," is based on the notion that a state official who acts in violation of the Constitution is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Ex parte Young*, 209 U.S. at 160. This exception applies only to state officials, not to the state or its agencies. *See Biggs v. N.C. Dep't of Public Safety*, 953 F.3d 236, 242 (4th Cir. 2020) ("Allowing suits against state agencies is inconsistent with the rationale underlying *Ex Parte Young*, which is that suits against state officials who violate federal law are not suits against the state."). Accordingly, this doctrine does not strip the State or the Supreme Court of Eleventh Amendment immunity.

The Magistrate Judge also concluded that the South Carolina Supreme Court and the State of South Carolina are not subject to suit under SCTCA. (ECF No. 44 at 22–23). Plaintiff objects to this finding, arguing that the State is a governmental entity pursuant to S.C. Code Ann. § 15-

78-30(d) and that Defendants consented to suit in federal court by answering the pleadings. (ECF No. 48 at 7). Section 15-78-30(d) merely defines "Governmental entity" as "the State and its political subdivisions." Although the SCTCA waives the State's sovereign immunity in state court for certain tort claims, it specifically reserves South Carolina's Eleventh Amendment immunity from suit in federal court. S.C. Code Ann. § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States[.]"). Moreover, the State and the Supreme Court did not consent to removal of this action; they had not even appeared when the case was removed by the Solicitor Defendants and Defendant Matthews. Instead, the State and Supreme Court Defendants have answered by expressly invoking Eleventh Amendment immunity. Plaintiff's objections to this portion of the Report are therefore overruled.

Plaintiff's objection to the Magistrate Judge's determination that the State and the Supreme Court are not "persons" subject to suit under 42 U.S.C. § 1983 is also overruled. (ECF No. 44 at 23–24). Under 42 U.S.C. § 1983, Plaintiff must allege the violation of a right secured by the Constitution and must also allege "that the alleged deprivation was committed by *a person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, (1988) (emphasis added). The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's claims against the State and the Supreme Court are improper and subject to dismissal.

C.   **Governor Defendants**

Plaintiff does not lodge any objections to the portions of the Report regarding the Governor Defendants, except to "clarify" in a later filing that he is suing the Governor Defendants for *injunctive* relief in their official capacities "[b]ecause they have absolute immunity in their

7

personal capacities." (ECF No. 55 at 1). Liberally construing this contention, Plaintiff appears to challenge the Magistrate Judge's finding regarding Eleventh Amendment immunity based on the *Ex parte Young* doctrine. However, *Ex parte Young* does not apply to the Governor Defendants.

As explained above, the *Ex parte Young* doctrine permits "federal courts to vindicate the supremacy of federal law by ordering state officials to stop participating in ongoing violations of that law." *King*, 122 F.4th at 548. The ongoing violation Plaintiff alleges is the deprivation of Plaintiff's right to petition the court for redress. Specifically, Plaintiff seeks relief in the form of an injunction "stating [the] S.C. Supreme Court does not have jurisdiction in general session court" and "an injunction to enjoin the S.C. Supreme Court Judges from depriving Plaintiff['s] 1st Amend[ment] Right to Petition the court for redress and enjoining defendants from the depravation of Equal Protection of Laws." (ECF No. 48-2 at 2–3).

For a state officer to be sued under the *Ex parte Young* doctrine, however, "[g]eneral authority to enforce the laws of the state is not sufficient." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001) (citation omitted). Instead, a court "must find a 'special relation' between the officer being sued and the challenged" government action. *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex parte Young*, 209 U.S. at 157). Such a relationship does not exist in this case. As the Magistrate Judge correctly stated, the Governor Defendants' general duty to enforce the laws of South Carolina by virtue of their positions as the top officials in the State's executive branch does not constitute a specific duty to enforce the challenged conduct. (ECF No. 44 at 17). Accordingly, the court agrees with the Magistrate Judge's finding that the Governor Defendants are not proper defendants for injunctive relief and overrules Plaintiff's objection.

**D.     Solicitor Defendants and Defendant Matthews**

Plaintiff makes no mention of the Magistrate Judge's recommendations as to the Solicitor Defendants or Defendant Matthews. In fact, Plaintiff appears to agree to the dismissal of these defendants. (*See* ECF Nos. 48 at 8–9, 50 at 8–9 ("Plaintiff objects to the 14th and 1st Amendment violations claims being denied. All other claims are waived except the obstruction of justice, 42 USC 1986 against the SC Supreme Court judges along with equal protection 1st Amendment, and 14th Amendment violations. The remaining claims may be dismissed except the *Ex-Parte Young* claim.")). The court finds no clear error on the face of the record and accordingly dismisses these defendants.

**E.     Remaining Objections**

Plaintiff also objects to the Report's findings that his claims are without merit, that this court's review would be improper under the *Rooker-Feldman* doctrine and *Younger v. Harris*, 401 U.S. 37 (1971), and that his claims are barred by res judicata, collateral estoppel, and *Heck v. Humphrey*, 512 U.S. 477 (1994). Based on the findings above, however, the court need not reach these issues and declines to do so.

Finally, the court notes that Plaintiff's other objections are either irrelevant, non-specific, improperly before the court, or speculative. Plaintiff's remaining objections are therefore overruled. The court finds no clear error on the face of the record and accordingly accepts the Report as stated above.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the court hereby adopts the Report and Recommendation as stated

herein. (ECF No. 44). For the reasons discussed above, Defendants' Motions to Dismiss (ECF Nos. 5, 8, & 32) are granted, all other pending motions (ECF Nos. 51, 57, & 60) are dismissed as moot, and this case is dismissed with prejudice.

IT IS SO ORDERED.

February 11, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge